1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   United States of America,              )   CV 10-1615-PHX-SRB (ECV)
                                            )
10              Plaintiff-Respondent        )   CR 07-0932-PHX-SRB
                                            )
11   vs.                                    )
                                            )   **REPORT AND RECOMMENDATION**
12                                          )
    Victor Manuel Leon-Sanchez,             )
13                                          )
                Defendant-Movant.           )
14                                          )
15   _____       )

16   TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

17                            **BACKGROUND**

18          Victor Manuel Leon-Sanchez ("Movant"), has filed an Amended Motion to Vacate,

19   Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.  Doc. 22.[1]  On May 1, 2008,

20   Movant pled guilty to Count One of the Indictment, Conspiracy to Possess with Intent to

21   Distribute Methamphetamine and Cocaine in violation of 21 U.S.C. § 846, 841(a)(1),

22   (b)(1)(A)(viii) and (A)(ii).  Doc. 146 of CR 07-0932-001-PHX-SRB.  On July 21, 2008,

23   Movant was sentenced to the custody of the Bureau of Prisons for 228 months followed by

24   supervised release for five years.  Id.

25

26

27   _____

28          [1] Unless otherwise indicated, the cited docket numbers are from the civil case that was
    opened upon the filing of the motion to vacate.

1    Through counsel, Movant filed a Notice of Appeal on July 31, 2008.  Doc. 156 of CR

2  07-0932-001-PHX-SRB.  As set forth in the screening order for the initial motion to vacate,

3  Movant argued in his direct  appeal that his guilty plea was not voluntary, thus rendering the

4  waiver of the right to appeal invalid.  Doc. 13.  Specifically, Movant argued among other

5  things that he was not adequately informed by his attorney or the trial court of the

6  consequences of pleading guilty and that the plea was the result of coercion.  Id.  The Ninth

7  Circuit Court of Appeals denied the appeal on April 29, 2009, finding "no indication in the

8  record that appellant's entry into the plea agreement was not knowing and voluntary."  Doc.

9  237 of CR 07-0932-001-PHX-SRB.[2]

10    Through counsel, Movant filed the original motion to vacate on July 27, 2010.  Doc.

11  1.  The District Court Judge screened the motion in an order filed on September 7, 2010, and

12  ordered the motion to be served upon Respondent.  Doc. 13.  Movant subsequently filed an

13  Amended Motion to Vacate.  Doc. 22.  Movant identifies two grounds for relief in his

14  amended motion: (1) that his counsel during the plea proceedings provided ineffective

15  assistance by urging him to accept a plea offer that he did not understand; and (2) that his

16  counsel at sentencing provided ineffective assistance by failing to present mitigating

17  evidence. On January 13, 2011, Respondent filed a Response to Amended Motion to Vacate,

18  Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.  Doc. 20.  Despite being

19  informed in the screening order of the opportunity to file a reply, Movant has not filed one.

20                              **DISCUSSION**

21    Respondent argues in its response that Movant's claims are foreclosed by a waiver of

22  collateral review in the plea agreement.  Movant has not challenged the validity of the

23  waiver, other than to allege in the first ground for relief that the guilty plea itself was

24  _____

25    [2] Arguably, Movant is prohibited from re-urging in this matter the issue of the
   voluntariness of his plea.  A criminal defendant may not use a motion to vacate under section
26  2255 to re-litigate issues previously decided on direct appeal.  United States v. Redd, 759
   F.2d 699, 701 (9th Cir. 1985).  Because, as this court concludes, the motion to vacate should
27  be denied on other grounds, the court need not address whether Movant's claims are
28  precluded by the direct appeal decision.

1    rendered involuntary by his attorney's actions.  Alternatively, Respondent contends that

2    Movant's claims fail on the merits.

3    **A.    Waiver**

4          Plea agreements are contractual in nature and their plain language will generally be

5    enforced if the agreement is clear and unambiguous on its face.  United States v. Jeronimo,

6    398 F.3d 1149, 1153 (9th Cir. 2005), cert. denied, 126 S.Ct. 198 (2005).  A waiver of

7    appellate rights is enforceable if the language of the waiver encompasses the right to appeal

8    on the grounds raised and the waiver is knowingly and voluntarily made.  Id.  In addition to

9    a waiver of direct appeal rights, a defendant may waive the statutory right to bring a § 2255

10   action challenging the length of his sentence.  United States v. Pruitt, 32 F.3d 431, 433 (9th

11   Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992), cert. denied sub

12   nom. Abarca-Espinoza v. United States, 508 U.S. 979 (1993).  A waiver of the right to bring

13   a § 2255 action likely would not include a claim that the waiver itself was involuntary or that

14   ineffective assistance of counsel rendered the plea involuntary.  See Pruitt, 32 F.3d at 433

15   (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously

16   induced a defendant to plead guilty or accept a particular part of the plea bargain).

17         Here, Movant's express waiver in his plea agreement stated in relevant part:

18              The defendant further waives: (1) any right to appeal the Court's
                entry of judgment against defendant; (2) any right to appeal the
19              imposition of sentence upon defendant under Title 18, United
                States Code, Section 3742 (sentence appeals); and (3) any right
20              to collaterally attack defendant's conviction and sentence under
                Title 28, United States Code, Section 2255, or any other
21              collateral attack.  The defendant acknowledges that this waiver
                shall result in the dismissal of any appeal or collateral attack the
22              defendant might file challenging his conviction or sentence in
                this case.
23
24   Doc. 99, Attachment 1, of CR 07-0932-001-PHX-SRB.  Movant signed the plea agreement

25   indicating that he understood and voluntarily agreed to all of its terms and conditions.  Id.  In

26   addition, Movant's responses to questions during the change of plea hearing indicated that

27   he understood he was waiving the right to an appeal or a collateral attack.  Doc. 20, Exh. A

28   at 7.  Based on Movant's responses during the hearing, the District Court Judge found that

1  the guilty plea was knowingly and voluntarily made.  <u>Id.</u> at 27.  Additionally, during the

2  sentencing hearing, the District Court Judge found that Movant waived his rights to appeal.

3  Doc. 20, Exh. B at 20.

4        Movant does not address the waiver of appeal rights in his motion.  Moreover, he did

5  not file a reply to address Respondent's assertion of the waiver defense.  The evidence in the

6  record supports a finding that Movant understood the waiver and entered the plea knowing

7  that he would not be permitted to appeal or collaterally attack his conviction and sentence.

8  The court will therefore recommend that the waiver be enforced with respect to Movant's

9  claim of ineffective assistance in ground two, and that the claim be denied.  Because the

10  claim in ground one alleges that counsel's actions rendered the guilty plea involuntary, an

11  issue that cannot be waived by a provision in the plea agreement, the court  will address the

12  merits of that claim.  <u>See</u> <u>Pruitt</u>, 32 F.3d at 433.

**B.**    **Ineffective Assistance of Counsel**

14        The two-prong test for establishing ineffective assistance of counsel was set forth by

15  the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). To prevail on an

16  ineffective assistance claim, a convicted defendant must show (1) that counsel's

17  representation fell below an objective standard of reasonableness, and (2) that there is a

18  reasonable probability that, but for counsel's unprofessional errors, the result of the

19  proceeding would have been different. <u>Strickland</u>, 466 U.S. at 687-88.  There is a strong

20  presumption that counsel's conduct falls within the wide range of reasonable assistance.

21  <u>Strickland</u>, 466 U.S. at 689-90.  The <u>Strickland</u> test also applies to challenges to guilty pleas

22  based on ineffective assistance of counsel.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985).  A

23  defendant who pleads guilty based on the advice of counsel may attack the voluntary and

24  intelligent character of the guilty plea by showing that the advice he received from counsel

25  fell below the level of competence demanded of attorneys in criminal cases.  <u>Id.</u> at 56.  To

26  satisfy the second prong of the <u>Strickland</u> test, "the defendant must show that there is a

27  reasonable probability that, but for counsel's errors, he would not have pleaded guilty and

28  would have insisted on going to trial." <u>Id.</u> at 59.

Movant contends that his lawyer provided ineffective assistance by failing to adequately inform him of the consequences of his plea agreement.  Movant contends that his lawyer told him he would be sentenced to no more than 10 years in prison and likely far less. He claims he would not have pled guilty if he knew he could be sentenced to the 19-year term that was ultimately imposed.  Movant further contends that his lawyer improperly pressured him to enter the plea agreement.

Even if the court accepted Movant's assertions about what his client told him before entering the plea agreement, the District Court Judge during the change of plea hearing clearly explained the sentencing range Movant was facing and Movant repeatedly stated he understood.   The Court first explained that based on the applicable law, "under no circumstances" could he be sentenced to less than 10 years in prison. Doc. 20, Exh. A at 13. Movant stated he understood that.  Id.  The Court further explained that the maximum sentence he could receive under the plea agreement was 22 years.  Id.  Movant stated he understood that.  Id.  The Court summarized by explaining:

> The result of this agreement is as follows: If I accept your agreement at the time of sentencing, I will give you a sentence of someplace between 10 years and 22 years in prison, and I will not order that it be served consecutively to any other sentence you might receive at a later time.

Id. at 14.

The Court then explained that another agreement with the government provided that the government would recommend that Movant be sentenced to between 15 and 22 years in prison.  Id. at 15.  Movant said he understood that.  Id. at 15, 16-17.  The Court went on to explain that neither Movant's lawyer, the government, nor the Court could tell him at that time precisely what his sentence would be and that if it turned out to be different from what he was told, he would still be bound by the plea agreement.  Id. at 18.  Movant said he understood. Id. at 18.  The Court then directly asked Movant's counsel what Movant's likely sentencing range would be.  Doc. 20, Exh. A at 18.  His attorney expected the guidelines range to be more than 15-22 years and agreed that under no circumstances could Movant receive less than 10 years.  Id. at 18-19.

1    The Court also asked questions to ensure Movant entered the plea voluntarily,
2    including whether he understood everything in the plea agreement, whether anyone made
3    promises outside the agreement to induce him to plead guilty, and whether any threats or
4    force was used to get him to sign the agreement. Doc. 20, Exh. A at 8-9. Movant said he
5    understood everything and that he was not induced or threatened. Id. The Court further
6    asked if he understood he did not have to plead guilty, and if wanted to do so voluntarily,
7    both to which he answered yes. Id. at 9-10.

8    Thus, Movant's contentions that his lawyer improperly pressured him to plead guilty
9    and told him he would serve no more than 10 years are clearly belied by the record. The
10   transcript of the change of plea clearly demonstrates that by the time he entered his guilty
11   plea, Movant knew he was facing more than 10 years in prison and up to 22 years in prison.
12   Even with this knowledge, Movant voluntarily agreed to plead guilty under the terms of the
13   plea agreement. Thus, even if at some point prior to the change of plea hearing, his lawyer
14   provided inaccurate information about his potential sentence, the court finds that Movant
15   cannot show prejudice because he voluntarily proceeded with the plea agreement when
16   properly informed of the sentencing range by the District Court Judge.[3] For these reasons,
17   the court finds that Movant has failed to satisfy the prejudice prong of the Strickland
18   standard.

19   **C.    Conclusion**

20   For the foregoing reasons, the court finds that Movant's ineffective assistance of
21   counsel claims in ground two is waived by the express waiver of a § 2255 motion in the plea
22   agreement. Additionally, the court finds that the ineffective assistance claim in ground one
23   is without merit. Accordingly, the court will recommend that the motion to vacate be denied.

24   **IT IS THEREFORE RECOMMENDED:**

25

26   _____
27   [3] A court is not required to determine if counsel's performance was deficient before
     considering the prejudice issue. Strickland, 466 U.S. at 697. "If it is easier to dispose of an
28   ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will
     often be so, that course should be followed." Id.

That the Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 22) be **DENIED**;

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because the dismissal of the motion to vacate is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Movant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 30th day of June, 2011.


Edward C. Voss
United States Magistrate Judge