IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV10-1615-PHX-SRB (ECV) |
| | ) | CR07-0932-PHX-SRB |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Victor Manuel Leon-Sanchez, | ) | |
| | ) | |
| Defendant-Movant. | ) | |
| | ) | |

On January 13, 2011, Defendant filed his Amended Motion to Vacate, Set Aside or Correct Sentence by person in federal custody pursuant to 28 U.S.C. § 2255. In his motion Defendant raised two claims of ineffective assistance of counsel. He argued that his lawyer coerced him into entering into a plea agreement which he did not understand and that his lawyer failed to present any mitigating evidence at sentencing. The United States responded to the amended motion and argued that Defendant's express waiver of his right to file for collateral review contained in his plea agreement precluded the claim of ineffective assistance of counsel at sentencing and that the waiver should be enforced. The United States also argued that the claim of ineffective assistance of counsel with respect to Defendant's alleged lack of understanding of the plea agreement was also waived in the plea agreement and that the waiver should be enforced. Alternatively, the United States' argued

that neither claim had merit and that the motion should be denied. No reply was filed in support of the 2255 motion.

On June 30, 2011 the Magistrate Judge issued his Report and Recommendation. With respect to the claim of ineffective of counsel at sentencing the Magistrate Judge pointed out that the United States had argued in its response that Defendant's claims were foreclosed by his waiver of collateral review in his plea agreement and that there had been no challenge made to the validity of that waiver. The Magistrate Judge also noted that not only was the waiver of appeal rights not addressed in the 2255 motion but Defendant did not file a reply to address the United States' assertion of the waiver. The Magistrate Judge concluded that the waiver should be enforced with respect to the claim of ineffective assistance of counsel at sentencing and the 2255 motion denied. The Magistrate Judge also recommended that the claim of ineffective assistance of counsel by allegedly not informing Defendant of the consequences of his plea agreement should be denied on the merits because Defendant failed to satisfy the prejudice prong of the *Strickland* standard.

In the Report and Recommendation the parties were specifically advised of their rights to file specific written objections with the Court within 14 days of the date of service of the Report and Recommendation. They were cautioned that failure to timely object may result in the acceptance of the Report and Recommendation by the district court without further review and that failure to timely object to any factual determinations would be considered a waiver of the right to appellate review of the findings of fact in an order of judgment entered pursuant to the Report and Recommendation.

Defendant's counsel filed objections to the Magistrate Judge's Report and Recommendation on July 20, 2011. The objections addressed only the claim of ineffective assistance of counsel at sentencing. Defendant did not object to the Magistrate Judge's recommendation that the claim of ineffective assistance of counsel because counsel allegedly did not adequately inform Defendant of the consequences of his plea agreement be denied on the merits. However, also not addressed in the objections was the basis for the Magistrate Judge's recommendation for denial of the claim of ineffective assistance of counsel at

sentencing. Defendant only argued the merits of his claim and failed again to address the issue of his valid waiver of appeal rights and rights to collateral review in his plea agreement.

The United States' responded in opposition to the objections.

With respect to the Report and Recommendation of the Magistrate Judge that Defendant's claim of ineffective assistance of counsel based on an alleged lack of being adequately informed of the consequences of his plea agreement, the Court will adopt the recommendation of the Magistrate Judge without objection.

With respect to the claim of ineffective assistance of counsel at sentencing, Defendant's objections fail in any way to address the issue of waiver found by the Magistrate Judge. This Court's *de novo* review of the record shows clear evidence that Defendant understood the waiver and entered his plea knowing that he would not be permitted to appeal or collaterally attack his conviction and sentence so long as his sentence was consistent with his plea agreement. The Court agrees with the Magistrate Judge that the waiver should be enforced with respect to the claim of ineffective assistance of counsel at sentencing. Therefore;

IT IS ORDERED overruling the objections to the Magistrate Judge's Report and Recommendations.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court.

IT IS FURTHER ORDERED denying the Motion to Vacate, Set Aside or Correct Sentence by Person in Federal Custody.

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal because the denial of the Motion to Vacate is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable

/ / /

/ / /

/ / /

and because Defendant has not made a substantial showing of the denial of a constitutional right.

DATED this 12th day of August, 2011.

Susan R. Bolton
United States District Judge